**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Calyx Containers, LLC,

    Plaintiff,

v.

Kinzie Advanced Polymers LLC d/b/a Grove Bags,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Calyx Containers, LLC ("Plaintiff" or "Calyx"), by and through their attorneys, for its Complaint against Defendant Kinzie Advanced Polymers LLC d/b/a Grove Bags ("Defendant" or "Grove") states as follows:

**I.     The Parties**

1. Plaintiff, Calyx Containers, LLC, is a limited liability company organized in the state of Colorado.

2. Defendant, Kinzie Advanced Polymers LLC, is a limited liability company organized in the state of Ohio.

3. Upon information and belief, Defendant does business as Grove Bags.

4. Upon information and belief, Defendant has a Colorado office and does business in Colorado.

**II.    Jurisdiction and Venue**

5. This case arises primarily under the laws of the United States, namely, the Patent Act, 35 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1051, *et seq.*  This Court has

original federal jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because the claim arises out of or relates to acts or contacts of Defendant in Colorado.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### III. General Allegations

8. Defendant sells plastic bags and films in interstate commerce, including Colorado, under the TERPLOC trademark.

9. On information and belief, the plastic bags and films sold under the TERPLOC trademark are not covered by any issued U.S. utility patent.

10. On information and belief, the plastic bags and films sold under the TERPLOC trademark are not covered by any issued U.S. design patent.

11. On information and belief, Defendant has never owned any issued U.S. utility patent.

12. On information and belief, Defendant has never owned any issued U.S. design patent.

13. On information and belief, Defendant has no express license to any issued U.S. utility patent.

14. On information and belief, Defendant has no express license to any issued U.S. design patent.

15. On information and belief, products sold by Defendant under the TERPLOC trademark are made from common unpatented storage bag material.

16. On information and belief, no supplier of material for Defendant's TERPLOC product owns or licenses a U.S. patent that covers Defendant's TERPLOC product.

17. On information and belief, Defendant has no reasonable belief that any U.S. patent covered Defendant's TERPLOC product.

18. On or about May 27, 2025, under penalty of perjury, Jacob "Jack" Grover ("Jack Grover"), founder and CEO of Defendant, testified, "The formulation of TerpLoc itself is not patented." *See* Exhibit A (hearing transcript at page 148).

19. On information and belief, Defendant has known since 2018 that no U.S. patent covered Defendant's TERPLOC product.

20. On information and belief, since at least as early as 2018, Defendant has repeatedly advertised to members of the public, including residents of Colorado, that its TERPLOC product as being patented.

21. On information and belief, Jack Grover regularly tells Grove Bags employees and customers that Defendant had secured a patent for a modified atmospheric packaging (MAP) technology that he had personally developed called TERPLOC.

22. On information and belief, Jack Grover informs new employees during onboard training that his TERPLOC film blend was protected by a patent.

23. As recently as December 29, 2024, Jack Grover stated on the James Loud Podcast (EP#87) at *https://youtu.be/87H-AZ8FkrE?t=4116* that Defendant's TERPLOC product "thankfully" is "patented."

24. Jack Grover's public statement during that James Loud Podcast that Defendant's TERPLOC product is patented was false.

25. On information and belief, as recently as June 2025, Jack Grover stated to a customer at a trade show that he had multiple patents on the TERPLOC product.

26. On information and belief, Defendant knew since 2018 that stating Defendant's TERPLOC product is patented was false, but Defendant nonetheless provided sales scripts to its employees stating that the TERPLOC product is patented, and Defendant regularly informed customers and potential customers that its TERPLOC product is patented.

### *Trade Shows*

27. Defendant's "Grove Bags Show Guide" instructs their employees at trade shows to "represent Grove Bags in the best light" and to "pitch" that "Grove Bags are patented."

28. On information and belief, Defendant states to attendees at trade shows, including trade shows in Colorado such as the NoCo Hemp Expo, that its TERPLOC product is patented.

29. On information and belief, Jack Grover has informed Defendant's employees and sales prospects at trade shows that TERPLOC is a patented product that he had engineered out of a blend of several different polymer films.

30. On information and belief, Defendant instructs Defendant's employees at trade shows to state that its TERPLOC product is patented.

31. On information and belief, employees of Defendant at trade shows state that the TERPLOC product is patented.

32. On information and belief, Defendant has fired employees who have questioned Defendant about the basis for stating that Defendant's product is patented.

33. On March 31, 2023, Jacob Torrison, an employee of Defendant at the time, attended the NoCo Hemp Expo in Colorado where he promoted Defendant's TERPLOC product.

34. Multiple prospective customers at the NoCo Hemp Expo asked Jacob Torrison to provide proof of a patent for Defendant's TERPLOC product, which Defendant had directed employees to market and represent as patented.

35. Having not been provided with documentation verifying that the TERPLOC product was patented, Jacob Torrison became concerned about making such representations.

36. Shortly after requesting Defendant to provide him with verification or documentation that the TERPLOC product was patented, Defendant presented Jacob Torrison with a severance agreement and gave him less than eight hours to sign it.

37. When Jacob Torrison did not sign the severance agreement, he was informed via email on April 7, 2023, that he was being terminated for cause.

38. Defendant failed to provide Jacob Torrison with any information regarding the alleged patents for TERPLOC.

## *Advertising*

39. Defendant has repeatedly advertised in print that its TERPLOC product is patented.

40. On information and belief, Defendant advertised at *tokeandfloat420.com/grove-bags/#about* that it uses "a patented technology called Terploc®." *See* Exhibit B (annotated).

41. Defendant has repeatedly described its TERPLOC product as being patented to third parties including media outlets.

42. On information and belief, Defendant described its TERPLOC product as being patented to Growers Network at growersnetwork.org.

43. On information and belief, Growers Network at *growersnetwork.org/industry/an-interview-with-jack-grover-of-grove-bags-cannabis-curing-storage-terploc-patented/* repeated Defendant's false claim that its unpatented TERPLOC product was "patented." *See* Exhibit C (annotated).

44. Third parties also have repeated Defendant's false claims that its unpatented TERPLOC product is patented.

45. Happy Hydro, an online retailer, at *www.happyhydro.com/blogs/growing-cannabis/understanding-grove-bags-terploc-technology* refers to Grove Bags as using "patented 'TerpLoc' technology." *See* Exhibit D (annotated).

### *Competitive Injury*

46. Plaintiff is a direct competitor of Defendant.

47. Plaintiff sells plastic bags and films in competition with Defendant.

48. On information and belief, consumers have purchased Defendant's product instead of Plaintiff's product because of Defendant's false claim that its unpatented product was patented.

49. On information and belief, retailers have selected Defendant's product over Plaintiff's product because of Defendant's false claim that its unpatented product was patented.

50. On information and belief, distributors have selected Defendant's product over Plaintiff's product because of Defendant's false claim that its unpatented product was patented.

**IV.    Causes of Action**

### FIRST CLAIM FOR RELIEF
### False Patent Marking
### 35 U.S.C. § 292

51.    Plaintiff incorporates by reference each and every allegation made in the proceeding paragraphs.

52.    On information and belief, Defendant used in advertising the word "patent" or "patented" or other words importing that its unpatented article was patented, for the purpose of deceiving the public.

53.    On information and belief, Defendant does not have a good faith belief that any of its products are covered by at least one claim of an enforceable patent.

54.    On information and belief, Defendant's actions were intentional, knowing, and willful.

55.    Plaintiff is a direct competitor of Defendant.

56.    Plaintiff has suffered competitive injury as a result of Defendant's false statements that its unpatented article was patented.

57.    As a result of Defendant's actions, Plaintiff has been damaged by an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
### False Advertising
### Under 15 U.S.C. § 1125(a)

58.    Plaintiff incorporates by reference each and every allegation made in the proceeding paragraphs.

59.    Defendant has made false or misleading statements that its unpatented article was patented.

60. Upon information and belief, Defendant's acts described herein have been willful and deliberate.

61. Upon information and belief, Defendant had a bad faith intent to profit from making false statements that its product was patented.

62. Upon information and belief, actual deception occurred, or at least a tendency to deceive a substantial portion of the intended audience occurred as a result of Defendant's false statements that its unpatented article was patented.

63. Upon information and belief, Defendant's false statements that its unpatented article was patented was material and likely influenced purchasing decisions.

64. Defendant's unpatented article travels in interstate commerce.

65. Plaintiff is a direct competitor of Defendant.

66. Plaintiff has suffered injury as a result of Defendant's false statements that its unpatented article was patented.

67. As a result of Defendant's actions, Plaintiff has been damaged by an amount to be proved at trial.

68. On information and belief, the profits Defendant earned from its unpatented article are attributable to its false advertising.

69. Defendant has thus committed acts of false advertising in interstate commerce in violation of 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF
### Colorado Consumer Protection Act, C.R.S. § 6-1-105

70. Plaintiff incorporates by reference each and every allegation made in the proceeding paragraphs.

71. On information and belief, in the course of Defendant's business in Colorado, Defendant engaged in a deceptive trade practice by making false statements that its unpatented article was patented with malicious intent to deceive the public and unfairly compete.

72. Defendant's deceptive and unfair trade practices significantly impact the public as actual and potential consumers of Defendant's unpatented goods by deceiving the public and competitors as to the quality of Defendant's goods.

73. Defendant's false statements that its unpatented article was patented has the capacity or tendency to attract consumers and the capacity to deceive consumers.

74. Plaintiff is a direct competitor of Defendant in Colorado.

75. Plaintiff has suffered injury to its business interests including actual damages or losses in the course of Plaintiff's business as a result of Defendant's unlawful conduct and unfair competition.

76. Defendant's conduct has harmed and deceived the public and inflicted harm upon Plaintiff.

77. On information and belief, Defendant has received significant revenues and profits as a result of its unlawful conduct including Defendant's deceptive advertisements.

78. Plaintiff is entitled to damages in amounts to be proven at trial.

79. Plaintiff is entitled to treble damages for Defendant's bad faith conduct pursuant to C.R.S. §6-1-113(2)(a)(III).

80. Plaintiff is entitled to an award of their attorneys' fees and costs pursuant to C.R.S. §6-1-113(2)(b).

## V.     Prayer for Relief

WHEREFORE, Plaintiff is respectfully requests that the Court enter judgment against Defendant as follows:

1.     That Defendant be required to cease all advertising using the word "patent" or "patented" or any word or number importing that its unpatented article was patented;

2.     That Defendant be required to undertake and pay for corrective advertising, both directly to customers and distributors, and in trade publications, that its products are not patented;

3.     That the Court enter a judgment finding that Defendant has committed false patent marking under 15 U.S.C. § 292;

4.     That the Court enter a judgment finding that Defendant has committed false advertising in violation of the Lanham Act's Section 43(a), 15 U.S.C. §1125(a);

5.     That the Court enter a judgment finding that Defendant has violated the Colorado Consumer Protection Act, C.R.S. § 6-1-105;

6.     That the Court order Defendant to pay Plaintiff all competitive injury damages arising from their false patent marking;

7.     That the Court order Defendant to pay Plaintiff all profits and damages arising from their false advertising;

8.     That the Court enter an award of actual damages suffered by Plaintiff as a consequence of Defendant's unlawful acts;

9.     That the Court enter an award of treble damages, attorney's fees and costs pursuant to C.R.S. 6-1-113(2)(a)(III) and C.R.S. §6-1-113(2)(b), and/or enter a finding that this case is exceptional for an award of attorney's fees and costs under 15 U.S.C. § 1117(a);

10. That the Court order Defendant to pay Plaintiff's costs and expenses incurred in and related to this action;

11. That the Court award such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Plaintiff demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Date: August 21, 2025

Respectfully submitted,

*s/ James Juo*
James Juo
Kammie Cuneo
Thomas P. Howard, LLC
842 W South Boulder Rd, #100
Louisville, CO 80027
303-665-9845
*jjuo@thowardlaw.com*
*kcuneo@thowardlaw.com*

Counsel for Plaintiff
Calyx Containers, LLC